Nov. Term,
1858.

RICH
v.
SOVACOOL.

RICH *v.* SOVACOOL.

If, in a suit commenced and put at issue before a justice of the peace, the defendant plead a promissory note as a set-off, the plaintiff may, upon appeal to the Common Pleas, prove upon the trial that the note was assigned to the defendant after the commencement of the suit. No reply under oath, denying that the note was assigned to the defendant before suit is necessary, under the code of 1852.

On the supposition that § 217, R. S. 1843, is continued in force to supply an omitted case, the omission of the plaintiff to deny, under oath, that the assignment was made before suit, would authorize the defendant to give the note and assignment in evidence, without proof of execution; and the assignment would be *prima facie* evidence that it was made at the date on its face; but the plaintiff might prove that it was not made until after the commencement of the suit.

*Friday,*
*November 26.*

APPEAL from the *Steuben* Court of Common Pleas.

WORDEN, J.—*Sovacool* sued *Rich* before a justice of the peace, on an account. *Rich* filed as a set-off, amongst other things, a note for 14 dollars, 17 cents, made by *Sovacool* to *B. B. Long & Co.*, and indorsed by the payees to *Rich.* The indorsement was dated before the commencement of the suit. The execution of the assignment of the note, or the time thereof, was not, in any manner, denied under oath by the plaintiff.

The cause was tried before the justice, and appealed to the Common Pleas, and there tried under the same issues.

On the trial the Court permitted the plaintiff, over the objection of defendent, to prove that the note was not assigned to defendant until after the commencement of the suit, and instructed the jury that they might disregard the note, if assigned after the suit was commenced. The jury excluded the note from their allowance of defendant's set-off. Exceptions were duly taken to the rulings of the Court.

The only question is, whether the evidence, under the issues, was proper.

It is claimed that, as there was no replication under oath, nor any affidavit denying that the note was assigned to defendant before the suit was brought, the plaintiff was

precluded from showing that the assignment was not made until afterwards.

It is provided by § 34, 2 R. S. p. 455, regulating proceedings before justices, "that the execution of written instruments, or any assignment thereof, sued on, shall not be denied except by special plea, verified by affidavit."

If we give this section a liberal construction, and one in accordance with what seems to be its general spirit, and the intention of the legislature, and hold that it applies to the "execution of written instruments, or any assignment thereof," set up by way of defense, as well as those "sued on," according to its literal import, still it does not embrace the case before us. It makes no provision for denying the time when an assignment was made, or that it was made before suit was brought.

It is provided by § 75 of the same statute, that, "In all cases, not in this act specially otherwise provided, proceedings before justices shall be governed by the practice and usages of Circuit Courts," &c. Section 80, 2 R. S. p. 44, regulates the practice in the Circuit Courts in this respect; but this section does not provide for denying, under oath, that an assignment was made before the suit was commenced. We are not aware of any such provision in the code of 1852. It is insisted, however, that if the code contains no such provision, § 217, p. 711, R. S. 1843, is continued in force to supply an omitted case (1). This proposition may be correct. It is a point, however, which we do not decide; because, if deemed to be in force, it cannot, as we think, alter the result. This section in the code of 1843, together with the one preceding it, provides for denying, under oath, that assignments were made before suit was commenced, and that pleadings by way of denial, unless verified, shall not impose the necessity of proof. On the supposition that this section is still in force, we think the omission of the plaintiff to deny, under oath, that the assignment was made before suit was commenced, would authorize the defendant to give the note, together with the assignment, in evidence, without proof of the execution of either; and the date of the assignment being before the suit

Nov. Term,
1858.

THE STATE
BANK
v.
HOLLAND.

was commenced, would be *prima facie* evidence that it was made before; but we think the plaintiff not precluded from offering evidence on his part, to show that the assignment was not made until the suit was commenced. In other words, this statute simply dispenses with any proof of the execution or assignment of an instrument, unless denied under oath, so as to admit the paper in evidence, but does not preclude the opposite party from offering evidence to disprove its execution or assignment. *Vide Fosdick* v. *Starbuck*, 4 Blackf. 417.

In the case of *Unthank* v. *The Henry County Turnpike Company*, 6 Ind. R. 125, it was held that, under the statute of 1852, § 80, p. 44, above referred to, where the execution of the instrument was not denied, under oath, by the defendant, he was not permitted to disprove it; but such is not the case under the provisions referred to in the statute of 1843. Indeed, the Court distinguish the difference in the two statutes, holding that they are not alike in this respect.

It follows, from the foregoing view, that the Court committed no error in admitting the testimony.

· *Per Curiam.*—The judgment is affirmed with costs.

*A. Ellison*, for the appellant.

(1) In support of this point, Mr. *Ellison* cited *Wright* v. *The State*, 5 Ind. R. 290; *Aberanthy* v. *Reeves*, 7 *id.* 306. He also cited 2 R. S. p. 455, § 34; *Id.* p. 460, § 53; *Id.* p. 465, § 75.